[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.12-12205
Non-Argument Calendar
_____

D.C. Docket No.  1:11-cr-00185-JRH-WLB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL C. CANNIDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 23, 2013)

Before HULL, JORDAN, and COX, Circuit Judges.

PER CURIAM:

Michael Cannida appeals his conviction under 18 U.S.C. § 371 for

conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 2113(a) and

(d), and armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d).  We affirm.

I.

The Indictment charged Cannida with three counts.  Count One charged that Cannida and his cousin, Willie Lakes, conspired to commit armed bank robbery.  Count Two charged that Lakes, aided and abetted by Cannida, committed armed bank robbery.  And Count Three charged that Cannida and Lakes knowingly used, carried, and brandished a firearm during the bank robbery.

Lakes pled guilty and testified at Cannida's trial.  Lakes testified that Cannida was the mastermind of the bank robbery, provided a gun for Lakes to use in the robbery, and scouted the bank before the robbery to ensure that there were no security guards on duty.

Jennifer Turno, a Regions Bank fraud investigator, testified.  She identified Cannida as the individual who entered the bank shortly before the robbery.  Turno based her identification on Government's Exhibit 12—a photograph of Cannida.  She compared the photograph to several still shots from the Bank's surveillance camera and said that Cannida was the man who entered and left the bank shortly before Lakes came in and robbed the bank.

Cannida was convicted on Count One and Count Two and was sentenced to 102 months in prison.

2

## II.

Cannida presents a single issue on appeal.  He argues that the district court improperly allowed Jennifer Turno to testify and identify Cannida as the man depicted in the surveillance video that entered and exited the bank moments before the robbery.  Cannida contends that Turno was not present at the robbery and had never seen Cannida in person before the trial.  As a result, Cannida argues, Turno's testimony was inadmissible because her identification was based neither on personal knowledge nor expert knowledge.  Cannida further contends that Turno's testimony was crucial to the Government's case because she was the only person (besides Lakes) that placed Cannida at the bank on the day of the robbery.

Because no objection was made to Turno's testimony at trial, both parties agree that we review the issue for plain error.  To demonstrate plain error, a defendant must show that there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that the error seriously affects the fairness, integrity, or reputation of judicial proceedings.  *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).  For an error to affect substantial rights, the error must be prejudicial.  *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).  An error is prejudicial if the defendant can show that the error affected the outcome of the proceedings.  *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 632, 122 S. Ct. 1781, 1786 (2002)).

3

Even if we were to assume that the district court plainly erred, Cannida cannot show that the error was prejudicial. Turno testified that Cannida was at the bank moments before the robbery. At trial, Cannida conceded that he was at the bank around the same time as the robbery and stated that he had gone to the bank simply to find out if the bank cashed tax refund checks. In fact, at trial, Cannida's chief argument was that he was simply in the wrong place at the wrong time and that Lakes knew Cannida had gone to the bank on that day and used that fact to incriminate Cannida in the robbery with the hope that his testimony would reduce his own sentence.

Because of Cannida's own admissions, any error by the district court in allowing Turno to testify and place Cannida at the bank on the day of the robbery was not prejudicial. There was, therefore, no plain error.

AFFIRMED.